## HOWLETT *v.* HOWLETT.

DEEDS—INDEFINITE CONDITIONS—ENFORCEMENT IN EQUITY.
  A condition in a deed from a husband to his wife that it shall be void unless she lives in harmony with him, or if she makes him any more trouble about money previously loaned by her to him, is too indefinite to be enforced in equity.

Appeal from Kent; Adsit, J. Submitted October 7, 1897. Decided November 23, 1897.

Bill by William Howlett against Ellen M. Howlett to set aside a deed. From a decree for complainant, defendant appeals. Reversed.

Complainant and defendant were married February 8, 1852; he being then 35, and she 16, years of age. Her father had previously died, and about the same time a brother also died. From those estates she received $600

or $700, which, with her consent, her husband took and used in paying his own debts and in improving his land. He then owned 120 acres of land, and subsequently purchased 80 more. They had 14 children, 11 of whom are living. Complainant is now 80 years old, and enfeebled in both body and mind. As the children became of age, they left home to work for themselves. Sometime in 1887 she desired her husband to pay her the money he had received from her when they were married. It was finally agreed that he should deed to her a part of his land,—she claiming that he was to deed her 80 acres; and he, that he was to deed her 40 acres. A deed of the 40 acres was made, without condition, September 16, 1887. On October 7th following, a deed of the second 40 acres was made, the consideration of which was stated to be $1,300, and which contained the following remarkable provision:

"This deed is made pursuant to an agreement this day made between said parties that they will hereafter live together in harmony; and the said grantee hereby expressly covenants and agrees that the consideration is such that if she shall not so live in harmony with the grantor, or if she shall make him any more trouble about the sum of money she let him have some 40 years ago, then and in such case this deed shall be void, and the lands hereby conveyed shall revert to, and become the property of, the said Wm. Howlett, and she agrees to execute a proper conveyance thereof upon demand; but if no such demand shall be made, and no bill in equity filed to set this deed aside during the life of the grantor, as evidence of such demand, which it is agreed shall be the only evidence of such demand, the record of this deed shall be conclusive evidence that no such demand was ever made, and conclusive evidence of title in said grantee."

At the same time she executed to him a life lease of both 40's.

Complainant filed this bill to set aside the latter deed on account of her failure to comply with this provision. The case was heard upon pleadings and proofs taken in open court, and a decree entered setting aside the deed, and declaring it null and void.

*C. O. Smedley* (*Benn M. Corwin*, of counsel), for complainant.

*McKnight & McAllister*, for defendant.

GRANT, J. (*after stating the facts*).   1. We feel compelled to disagree with the trial court in its conclusion of fact.   The complainant has, on account of a permanent disease, been unable to perform manual labor to any extent for nearly 20 years, and is enfeebled in both mind and body.   The defendant has done the work indoors, and considerable outdoors, upon the farm.   There is apparent justice in her demand.   Complainant evidently recognized it, by giving the deed.   He, however, took back a life lease of both tracts at the time the second conveyance, was made.   He therefore obtained the entire benefit of the land during his life.   She has obtained no more than she is justly entitled to.   The only testimony against the defendant comes from some of her 'own children.   Much of their testimony is unworthy of belief.   The complainant does not support it.   The most of it has no bearing upon the merits of this controversy.   It is apparent that complainant is acting, not of his own free will, but under the influence of some of his children, who fear that their mother will not give them their portion of the land.

Complainant and defendant have lived upon this farm for 45 years.   All their neighbors, and those who have been employed to work for them, testify that complainant and defendant lived peaceably and happily, and that there was not even a rumor in the neighborhood of any disagreement between them.   Their family physician, Dr. John Cooper, who had known them and been their physician for nearly 20 years, testified that after this trouble began he talked with Mr. Howlett in regard to settling the matter with his wife, and that Mr. Howlett said that the children would not consent to such a settlement as was proposed.   Mr. Howlett practically admits that he filed this bill to secure the land for his children.   The only

testimony elicited from him, in his entire direct examination, tending to show fault on her part, was: "Well, it was every little while she was telling me that she wanted more land; she wanted this other 40." According to her testimony, she was entitled to it under the oral agreement when the first 40 was deeded, and the second deed was made pursuant to that agreement. She testified that she knew nothing about this condition at the time, and that the deed was not read to her.

It appears that she had applied to the probate court for the appointment of a guardian of her husband, on the ground that he was incompetent to manage his business. This was not a violation of the condition. There is no reliable testimony to show that she did not act in good faith in so doing.

2. Counsel agree that this clause was a condition subsequent. But, whether a condition or covenant, it is not enforceable in a court of equity. The real consideration was the money, and its use, which he had received from her. He may have thought by this clause to prevent further allusion to a subject so painful to him. No specific performance of such an agreement could be enforced, and courts of equity will not enforce it by declaring a forfeiture. It is too indefinite. *Blanchard* v. *Railroad Co.*, 31 Mich. 43 (18 Am. Rep. 142). It is not parallel to the cases cited, where deeds have been set aside for the failure of grantees to support their grantors contrary to the terms of the deeds. In those cases the courts hold that there was an entire failure of consideration. How much inharmony, how much trouble about the money, must the court find, in order to declare the forfeiture? What shall constitute inharmony or trouble? If she be found to have spoken to him about the money, or to have asked for more land, shall the court of equity declare that this constitutes inharmony or trouble, within the terms of the condition? If he were the cause of the inharmony, or if both have contributed to the inharmonious condition,—which is frequently, if not usually, the

case,—what shall be the solemn decree of the court? These questions, and others which will readily suggest themselves, show the absurdity of bringing such controversies into a court of equity. They have no place there, and parties cannot, by covenant or condition or agreement, submit them to courts of equity. It is doubtful if ejectment could be maintained for breach of such a condition, which has nothing to do with the land conveyed. *Stevens v. Copp*, L. R. 4 Exch. 20. The condition is an act which, at most, is only collateral to the grant, and cannot be estimated in damages. With such cases equity does not interfere. Tied. Real Prop. § 279; 2 Story, Eq. Jur. § 1324. We are satisfied that the complainant has failed to make out a case of the violation of this condition in the deed, even if it were binding upon her, and equity were the proper forum in which to enforce the remedy.

Decree reversed, and decree entered for defendant, dismissing complainant's bill, with the costs of both courts.

The other Justices concurred.